**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| BYRON LABADIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| HUGH BROWNLEE and THE HUB ) | |
| OF SYRACUSE, INC., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## **COMPLAINT**

In support of this Complaint, Plaintiff Byron Labadie alleges and states as follows:

### **Parties, jurisdiction, and venue**

1. Plaintiff Byron Labadie ("Plaintiff") is an Oklahoma resident and citizen.

2. Defendant Hugh Brownlee ("Brownlee") lives in Syracuse, Kansas. He may be served at 7700 E Highway 50, Syracuse, Kansas 67878.

3. Defendant The Hub of Syracuse, Inc. ("The Hub of Syracuse") is a Kansas for-profit business with its principal place of business in Kansas. It can be served with process through its registered agent, Wanda M. Smith at E. Hwy. 50, PO Box 638, Syracuse, Kansas 67878.

4. The Court has personal jurisdiction over Plaintiff since he has submitted himself to this Court's jurisdiction by initiating this action.

1

5. The Court has personal jurisdiction over Hugh Brownlee since he is a Kansas citizen, and it has personal jurisdiction of The Hub of Syracuse since it is was incorporated under Kansas law and operates business in the state of Kansas.

6. This Court has subject matter jurisdiction over the cause of action and personal jurisdiction over the parties' given their diversity of citizenship and the fact that the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a).

7. Venue is proper in this Court under 28 U.S.C. § 1391 because the acts and omissions that give rise to the claims alleged and described in this Complaint occurred in this District in Johnson City, Stanton County, Kansas.

## The incident

8. At about 4:55 p.m. on March 22, 2017, Plaintiff and Defendant Brownlee were working in the parking lot at a construction site in Johnson City, Kansas. Defendant Brownlee was working at that time for his employer, The Hub of Syracuse. Plaintiff has a different employer.

9. As Plaintiff and Brownlee were working, a gust of wind blew some construction documents into the air and scattered them. Plaintiff chased after them in an effort to collect them.

10. Unbeknownst to Plaintiff, Brownlee had decided to try to track down the papers by driving after them in a work truck. Brownlee put his truck in reverse and began driving. In the process of driving after the documents, Brownlee struck Plaintiff with the truck that he (Brownlee) was driving.

11. Plaintiff was injured in the collision.

### Count 1 - Negligence against Defendant Brownlee and vicarious liability of Defendant The Hub of Syracuse for the negligent acts of its agent, Brownlee.

12. Plaintiff incorporates the above paragraphs and allegations by reference here.

13. Defendant Brownlee was negligent and 100% at fault for the accident with respect to the following actions and/or inactions:

   a. Failing to maintain a proper lookout;

   b. Failing to yield to Plaintiff's right of way;

   c. Failing to check for pedestrians;

   d. Failing to either slow or stop his vehicle to avoid an accident; and/or

   e. Failing to use reasonable and ordinary care to keep his vehicle under proper control to avoid and accident.

14. Defendant The Hub of Syracuse was and is, by way of vicarious liability, 100% liable for the negligent acts and omissions of its agent, Defendant Brownlee.

15. Due to the collision, Plaintiff suffered severe bodily injury causing significant ongoing pain, physical limitation, and requiring future medical treatment to address his injuries.

16. Additionally, since the collision, Plaintiff has had a limited ability to perform day-to-day activities and has incurred wage loss.

17. As a result of Defendants' negligence, Plaintiff has incurred medical bills and will incur future medical bills or the medical care and services necessary in the future to address his injuries and disabilities arising from the accident.

18. As a direct and proximate result of Defendant Brownlee's negligence, for which Defendant The Hub of Syracuse is vicariously liable, Plaintiff has sustained personal injuries that are permanent in nature and damages that are in excess of $75,000.00.

19. Consequently, Plaintiff prays for judgment against Defendants Hugh Brownlee and The Hub of Syracuse in an amount in excess of $75,000.00 for past medical expenses, future medical expenses, past and future lost services and disability, past and future wage loss, past and

future pain, suffering, and disability, for costs of this action, and for such other and further relief as the Court deems just and equitable.

### **Count 2 – Direct Negligence claims against Defendant The Hub of Syracuse**

20. Plaintiff incorporates the above paragraphs and allegations by reference here.

21. Defendant The Hub of Syracuse was negligent and 100% at fault for the accident with respect to the following actions and/or inactions:

    a. Negligent hiring of Defendant Brownlee;

    b. Negligent supervision of Defendant Brownlee;

    c. Failure to properly and adequately train Defendant Brownlee; and/or

    d. Failure to perform an appropriate background check on Defendant Brownlee.

22. Due to the collision, Plaintiff suffered severe bodily injury causing significant ongoing pain, physical limitation, and requiring future medical treatment to address his injuries.

23. Additionally, since the collision, Plaintiff has had a limited ability to perform day-to-day activities and has incurred wage loss.

24. As a result of Defendant's negligence, Plaintiff has incurred medical bills and will need future medical care and services to address his injuries and disabilities.

25. As a direct and proximate result of Defendant's negligence as set forth in this Petition, Plaintiff has sustained personal injuries that are permanent in nature and damages that are in excess of $75,000.00.

26. Consequently, Plaintiff prays for judgment against Defendant The Hub of Syracuse in an amount in excess of $75,000.00 for past medical expenses, future medical expenses, past and future lost services and disability, past and future wage loss, past and future pain, suffering, and

disability, for costs of this action, and for such other and further relief as the Court deems just and equitable.

27.  In accordance with applicable Kansas law, Plaintiff Byron Labadie respectfully demands a trial by a jury of all issues raised in his Petition.

Respectfully submitted,

/s/ Scott J. Mann
Scott J. Mann          (#12640)
Mason D. Lent         (#27480)
MANN WYATT & RICE, LLC
201 E. 1st Avenue
P.O. Box 1202
Hutchinson, KS 67504-1202
(620) 662-2400
(620) 662-2443 (Fax)
smann@mannwyattrice.com
mlent@mannwyattrice.com

*Attorneys for Plaintiff Byron Labadie*